**SANDERS LAW GROUP**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
*Attorneys for Plaintiff*
File No.: 122560

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Geoff Johnson,
1111 N. 13th Street Suite 420
Omaha, Nebraska 68102

Plaintiff,

v.

Stop Franchising, Inc.,
7120 Samuel Morse Drive Suite 300
Columbia, Maryland 21046,

and

Stop Restoration of Winston-Salem,
4447-A Wallburg Road
Winston Salem, North Carolina 27107

Defendants.

Case No:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Geoff Johnson ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendants Stop Franchising, Inc. and Stop Restoration of Winston-Salem ("collectively *Defendants*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Defendant Stop Franchising, Inc. owns and operates a social media account with

the name of "@STOPRestorationHQ" on Facebook ("*Account 1*")

4. Defendant Stop Restoration of Winston-Salem owns and operates a social media account with the name of "@ServiceTeamofProfessionalsWinstonSalem" on Facebook ("*Account 2*").

5. Defendant Stop Restoration of Winston-Salem owns and operates an account with the name of "Service Team of Professionals" on The Real Yellow Pages (the "*Listing*")

6. Defendants, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photograph on their respective Facebook Accounts (hereinafter collectively the "*Accounts*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

7. Defendant Stop Restoration of Winston-Salem without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photograph on the Listing and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

8. Plaintiff Geoff Johnson is an individual who is a citizen of the State of Nebraska and maintains a principal place of business at 1111 N. 13th Street Suite 420, Omaha in Douglas County, Nebraska.

9. On information and belief, Defendant Stop Franchising, Inc. is a Maryland Corporation with a principal place of business at 7120 Samuel Morse Drive, Suite 300 Columbia in Howard County, Maryland and is liable and responsible to Plaintiff based on the facts herein alleged.

10. On information and belief, Defendant Stop Restoration of Winston-Salem, is a North Carolina sole proprietorship with a principal place of business at 4447-A Wallburg Road, Winston Salem in Forsyth County, North Carolina and is liable and responsible to Plaintiff based on the facts herein alleged.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12. This Court has personal jurisdiction over Stop Franchising, Inc. because it maintains its principal place of business in Maryland.

13. This Court has personal jurisdiction over Stop Restoration of Winston-Salem under the applicable long-arm jurisdictional statute of Maryland because while Stop Restoration of Winston-Salem maintains its principal place of business in North Carolina, it purposely directs substantial activities at the residents of Maryland through their franchise relationship with Stop Franchising, Inc., as well as contributing to Stop Franchising, Inc.'s own infringement.

14. Venue is proper under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

15. Plaintiff is a professional photographer by trade who is the legal and rightful owner of photographs which it licenses to online and print publications.

16. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

17. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

18. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

19. Account 1 is associated with Defendant Stop Franchising, Inc.'s business which is a popular and lucrative commercial enterprise.

20. Account 2 is associated with Defendant Stop Restoration of Winston-Salem's business which is a popular and lucrative commercial enterprise.

21. The Listing is associated with Defendant Stop Restoration of Winston-Salem's

business which is a popular and lucrative commercial enterprise.

22. Defendants use the Accounts to promote their business

23. Defendant Stop Restoration of Winston-Salem uses the Listing to promote its business.

24. Defendants have exclusive access to post content on Defendants' Accounts.

25. Defendant Stop Restoration of Winston-Salem has exclusive access to post content on the Listing.

26. On April 8, 2015, Plaintiff Geoff Johnson authored a photograph of the Dagmar House ("the Photograph"). A copy of the Photograph is attached hereto collectively as Exhibit 1.

27. Plaintiff applied to the USCO to register the Photograph on or about November 20, 2018 under Application No. 1-7153666812.

28. The Photograph was registered by the USCO on November 20, 2018 under Registration No. VA 2-127-583.

29. Plaintiff observed the Photograph on Account 1 on or about March 15, 2020, in a post dated April 7, 2017. A copy of the screengrab of Account 1 including the Photograph is attached hereto collectively as Exhibit 2.

30. The Photograph was displayed on Account 1 at URL: https://www.facebook.com/STOPRestorationHQ/photos/a.823912831083493/894355734039202/?type=3&theater.

31. The Photograph was stored at URL: https://scontent-lga3-2.xx.fbcdn.net/v/t1.18169-9/17795771_894355734039202_1550619692306170397_n.jpg?_nc_cat=105&ccb=1-3&_nc_sid=9267fe&_nc_ohc=wssdEf88fOQAX9TMaRX&_nc_ht=scontent-lga3-2.xx&oh=502b9d4bb2374111b37b58a27917cbdc&oe=60F59709.

32. Plaintiff observed the Photograph on Account 2 on or about March 15, 2020, in a post dated January 18, 2017. A copy of the screengrab of Account 2 including the Photograph



SLG SANDERS · LAW GROUP ·

SLG SANDERS LAW GROUP

is attached hereto collectively as Exhibit 3.

33. The Photograph was displayed on Account 2 at URL: https://www.facebook.com/ServiceTeamofProfessionalsWinstonSalem/photos/a.632100960307409/653256231525215/?type=3&theater.

34. The Photograph was stored at URL: https://scontent-lga3-2.xx.fbcdn.net/v/t1.18169-9/16002853_653256231525215_328705134206220531_n.jpg?_nc_cat=100&ccb=1-3&_nc_sid=9267fe&_nc_ohc=JXurDevtbjkAX8C0Vp5&_nc_ht=scontent-lga3-2.xx&oh=c1957613f23e05954d61425e3082694b&oe=60F5C448.

35. Plaintiff observed the Photograph on the Listing on or about March 15, 2020. A copy of the screengrab of the Listing including the Photograph is attached hereto collectively as Exhibit 3.

36. The Photograph was displayed on the Listing at URL: https://www.yellowpages.com/harrisburg-nc/smoke-odor-counteracting-service.

37. The photograph was stored at URL: https://i2.ypcdn.com/blob/1944e66e2c6f1130b557d269c7c278eb696ab941_100x100_crop.jpg?4c8d852.

38. Without permission or authorization from Plaintiff, Defendants volitionally selected, copied, stored and displayed Plaintiff’s copyright protected Photograph as set forth in Exhibit 1 which is annexed hereto and incorporated in its entirety herein, on the Accounts.

39. Without permission or authorization from Plaintiff, Defendant Stop Restoration of Winston-Salem volitionally selected, copied, stored and displayed Plaintiff’s copyright protected Photograph as set forth in Exhibit 1 which is annexed hereto and incorporated in its entirety herein, on the Listing.

40. On information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the “*Infringement*” and collectively the “*Infringements*”).

41. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007).

42. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendants on the Accounts, and by Defendant Stop Restoration of Winston-Salem on the Listing.

43. On information and belief, Defendants take an active and pervasive role in the content posted on their Accounts, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

44. On information and belief, Defendant Stop Restoration of Winston-Salem takes an active and pervasive role in the content posted on the Listing, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

45. On information and belief, the Photograph was willfully and volitionally posted to the Accounts by Defendants.

46. On information and belief, the Photograph was willfully and volitionally posted to the Listing by Defendant Stop Restoration of Winston-Salem.

47. On information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

48. On information and belief, Defendants have the legal right and ability to control and limit the infringing activities on their Accounts and exercised and/or had the right and ability to exercise such right.

49. On information and belief, Defendant Stop Restoration of Winston-Salem has the legal right and ability to control and limit the infringing activities on the Listing and exercised and/or had the right and ability to exercise such right.

50. On information and belief, Defendants have received a financial benefit directly attributable to the Infringements.

51. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Accounts.

52. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Listing.

53. On information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

54. Defendants' use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photographs.

55. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

56. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

57. The Photograph is an original, creative work in which Plaintiff owns a valid copyright properly registered with the United States Copyright Office.

58. Plaintiff has not licensed Defendant Stop Franchising, Inc. the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant Stop Franchising, Inc.

59. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant Stop Franchising, Inc. improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

60. Defendant Stop Franchising, Inc.'s reproduction of the Photograph and display of the Photograph on Account 1 constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

SLG SANDERS · LAW GROUP ·

SLG SANDERS · LAW GROUP ·

61. Plaintiff is informed and believes and thereon alleges that Defendant Stop Franchising, Inc. willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing post on Account 1.

62. As a result of Defendant Stop Franchising, Inc.'s violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

63. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs pursuant to 17 U.S.C. § 505 from Defendant.

64. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**SECOND COUNT**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

65. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

66. The Photograph is an original, creative work in which Plaintiff owns a valid copyright properly registered with the United States Copyright Office.

67. Plaintiff has not licensed Defendant Stop Restoration of Winston-Salem the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant Stop Restoration of Winston-Salem.

68. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant Stop Restoration of Winston-Salem

improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

69. Defendant Stop Restoration of Winston-Salem's reproduction of the Photograph and display of the Photograph on Account 2 constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

70. Plaintiff is informed and believes and thereon alleges that Defendant Stop Restoration of Winston-Salem willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing post on Account 2.

71. Defendant Stop Restoration of Winston-Salem's reproduction of the Photograph and display of the Photograph on the Listing constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

72. Plaintiff is informed and believes and thereon alleges that Defendant Stop Restoration of Winston-Salem willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing post on the Listing.

73. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

74. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs pursuant to 17 U.S.C. § 505 from Defendant.

75. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**THIRD COUNT**
***(Contributory Copyright Infringement)***

76. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

77. On information and belief, Defendant Stop Restoration of Winston-Salem has caused, enabled, facilitated, and materially contributed to the Infringement by providing the Photograph to Defendant Stop Franchising, Inc.

78. Defendant Stop Restoration of Winston-Salem, has a continuing relationship with Defendant Stop Franchising, Inc. For example, Defendant Stop Restoration of Winston-Salem operates as a franchisee of Defendant Stop Franchising, Inc., licensing Defendant Stop Franchising, Inc.'s intellectual property and utilizing its business infrastructure. *See Arista Records, LLC*, 633 F. Supp. 2d. at 156.

79. Defendant Stop Restoration of Winston-Salem is liable as a contributory infringer since they had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct. *See e.g., Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005); *A&M Records, Inc. v. Napster, Inc.* 239 F.3d 1004, 1019 (9th Cir. 2001); *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984).

80. Defendant Stop Restoration of Winston-Salem's conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff

81. As a result of Defendant Stop Restoration of Winston-Salem's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an

SLG SANDERS · LAW GROUP ·

amount to be proven.

82. As a result of Defendant Stop Restoration of Winston-Salem 's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

83. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendants infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d. for costs of litigation against Defendants pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: September 1, 2021

**SANDERS LAW GROUP**

By: *___/s/ Craig B. Sanders________*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600

SLG SANDERS · LAW GROUP ·

Email: csanders@sanderslaw.group
*Attorneys for Plaintiff*
File No.: 122560